Putnam J.
delivered the opinion of the Court. The general question is, whether the evidence is sufficient to prove a promise to pay, within six years.
In the absence of an express promise, it is necessary that the plaintiff should prove that the defendant has made an unqualified acknowledgment of the debt within six years, or that he has made a promise to pay upon a condition which has been performed. The law would raise a promise in the first case ; and the performance of the condition, in the second case, would have the effect of an express promise. The authorities and principles relating to this subject were examined with some care in the case of Bangs v. Hall, 2 Pick. 368. Our attention has been repeatedly called to this subject since that decision, and upon a further examination of the cases cited at bar, we do not perceive any reason to vary from it.[1]
We proceed directly to the question, and apply the facts m the case at bar to the recognised doctrine of the case of Bangs v. Hall.
When the note was presented by the witness to the defendant, his first rema-k was, that “he supposed the note had been paid by the land mortgaged as collateral.” The witness then stated the rule of law which subjects the debtor to pay the balance of the debt, after deducting the value of the property mortgaged. The defendant’s answer implied that he was aware of that law, hut he thought it was unjust. He considers that it would be unjust to enforce that rule of law against *215 him We must in this part of the case recollect, that the defendant then had a perfect protection against the plaintiff’s claim, and an undoubted right to prescribe his own terms and rules, which are not to be enlarged or varied by the Court. The defendant proceeds to say, that he considered the land tv have been given in payment of the note ; assigning as a reason, that he was then a bankrupt. This land was conveyed by the deed of his sister Whether it was a volunteering conveyance, or for consideration paid to her by the defendant, does not appear, and perhaps is not material. The defendant believed it was “given in payment.” He proceeds to say, however, that he should be willing to do what was right, and immediately explains his own idea of what was right. “ He should be willing to make some small additional payment to the land, for the- purpose of having the business settled without having recourse to law.” Now the plaintiff is not content with that, but would have the Court infer, that the defendant, oy that qualified declaration, was willing to pay the whole balance. It seems to us that such construction would greatly extend his meaning. He speaks of making only some small additional payment; and that proposal was made, not on the ground of its being a just claim or debt, but for the purpose of avoiding litigation. He contemplated a small sum, which perhaps might be less than the expense of his defence. The plaintiff’ would infer from it, a promise to pay the whole, which would draw after it the expense of the suit. But the defendant seems to exclude this conclusion by his next remark, “ that if the plaintiff" thought proper to sue without taking the land, he should resist the suit.” We understand the defendant to mean, that unless the plaintiff would take the land in payment, as he understood it was originally convened, he would resist the suit. We are not now to consider whether the defendant has conducted himself with propriety and liberal! ty towards the plaintiff or not. He had the right of judging upon that subject. It was for him to determine, whether he would waive the provision of the statute or not. And upon a careful review of the whole matter, we are all satisfied that he has not precluded himself from its protection. There is no unqualified acknowledgment of an existing debt, from *216 which the law will raise a promise to pay.; nor any prom ise to pay upon a condition which has been performed. The proposal was not (as the plaintiff contends) to pay the bal anee of the note if the plaintiff would allow the value of 'he land, but to pay some small sum in addition to the value of the land, to prevent a lawsuit. That proposal was not accepted by the plaintiff; but instead of that, he seeks to recover at law, and the defendant, according to his declaration, may stand upon his legal rights, in the same manner as if that proposal had not been made.
The judgment of the Court must therefore be, that the verdict, which was taken for the plaintiff, be amended and entered up as a verdict for the defendant, upon the issues touching the statute of limitations.[1]

 See Bailey v. Crane, 21 Pick. 324; Sigourney v. Drury, 14 Pick. 390.

 See Morrell v. Frith, 8 Carr. & Payne, 246; Dodson v. Mackey, 4 Nev & Man 327; Linsell v. Bonsor, 2 Bingh. New Cas 241; Dabbs v. Humphries, 10 Bingh. 446; Gilson v. Bagshott, 5 Carr, & Payne, 209, note ; Exeter Bank v. Sullivan, 6 N. Hamp. R. 124; Russell v. Copp, 5 N. Hamp. R 154; Bangs v Hall, 2 Pick. (2d. edit.) 377, 378, 379, notes and cases, cited Sigourney v. Drury, 14 Pick. 390, 391; Bailey v. Crane, 21 Pick. 323; Thayer v Mills, 14 Maine R. (2 Shepley,) 300; Lombard v. Pease, id. 349; Brackett v Mountfort, 3 Fairfield, 72; Revised Stat. c. 120, § 13; Gallagher v Milligan, 3 Pennsylv. R. 177; Church v. Fetcrow, 2 Pennsylv. R. 301; Oakes t. Mitchell, 15 Maine R. (3 Shepley,) 360.